UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JARED BEEBE,<br><br>    Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et. al.,<br><br>    Defendants | Case No.: 3:19-cv-00038-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 30, 31 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court are Plaintiffs' Motions for Injunction to Stop Transfer. (ECF Nos. 30, 31.)[1]

After a thorough review, it is recommended that the motions be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 10.) Defendants are Wilcoxen and Suwe.

The court screened Plaintiff's complaint and allowed him to proceed with a single Eighth Amendment conditions of confinement claim. (Screening Order, ECF No. 9.) The claim is based on allegations that Plaintiff advised Defendants that he drank a significant amount of water in preparation for providing a urination sample, and that he urgently needed to use the restroom and

---

[1] Insofar as the court can tell, these motions are identical.

was experiencing physical pain from having to hold his urine. He claims that they refused to allow him to provide a urine sample or urinate in a urinal. Plaintiff informed Suwe he would accept a charge of refusal to submit to urinalysis if Suwe would allow him access to a bathroom, but Suwe told him he should urinate in a crowded hallway. As a result of having to hold his urine, Plaintiff passed out and has since suffered medical side effects.

In these motions, Plaintiff states that in February of 2018 he was transferred from Warm Springs Correctional Center (WSCC) to Stewart Conservation Camp (SCC), a minimum custody work and medical camp. He informed his boss while working that he was experiencing pain in his limbs. He was subsequently transferred to Northern Nevada Correctional Center (NNCC) through a medical classification pending medical care through a neurologist, whom he has not yet seen. He states that on September 25, 2020, while at NNCC, he was found guilty of a notice of charges. He has since completed his disciplinary sanction and was advised he could not return to general population at NNCC because he now has an enemy on the yard and was subject to transfer to WSCC. He states that his transfer is the result of a doctor's order classifying him there pending treatment by a specialist. He wants the court to issue an injunction prohibiting his transfer while he is under pending medical care. (ECF Nos. 30, 31.)

## II. DISCUSSION

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain

an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or

3

approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

In addition, in seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally." *Id.*

4

(quoting *De Beers Consl. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

      Here, Plaintiff does not allege whether he is likely to succeed on the merits of his pending claim. Nor does he adequately demonstrate a likelihood of irreparable harm in the absence of injunctive relief. While he asserts generally that he has been referred to a specialist, he does not articulate how he would suffer irreparable harm if the injunctive relief sought is not granted. For example, he does not present evidence that he is subject to imminent transfer. Instead, he has been told that he is subject to transfer because he has an enemy on the yard in general population. He implies that he would not be able to receive care from a neurologist if housed at another facility, but provides no supporting evidence. Nor does he address the balance of equities or public interest.

      Importantly, Plaintiff does not assert a sufficient nexus between the claim proceeding in his complaint and the requested relief. His claim is about Suwe and Wilcoxen refusing his request to urinate in violation of the Eighth Amendment. The relief he seeks now is regarding his housing assignment within the NDOC. Plaintiff attempts to assert a tangential connection between the two by asserting that he believes the injuries he complains of are a result of the action of these Defendants; however, there is no indication that Suwe or Wilcoxen have any involvement in the decision to transfer him to another facility within NDOC.

      Finally, the Constitution "does not guarantee that the convicted prisoner will be placed in any particular prison[.]" *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

      For these reasons, Plaintiff's motions should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions for an injunction to stop his transfer (ECF Nos. 30, 31).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 10, 2020

_____
William G. Cobb
United States Magistrate Judge