UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JARED EDWARD BEEBE, | Case No. 3:19-cv-00038-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTION DIRECTOR, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Jared Beebe, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violation of Eighth Amendment conditions of confinement under 42 U.S.C. § 1983 against court officers Wilcoxen and Suwe, for failure to provide Plaintiff access to a restroom. (ECF Nos. 9, 10.) Before the Court is the Report and Recommendation (ECF No. 32 ("R&R")) of United States Magistrate Judge William G. Cobb. The R&R recommends the Court deny Plaintiff's motions for an injunction (ECF Nos. 30, 31 ("Motions")) to stop Plaintiff's transfer from Northern Nevada Correction Center ("NNCC") to Warm Springs Correction Center ("WSCC"). Plaintiff timely filed an objection (ECF No. 38 ("Objection")) to Judge Cobb's R&R. As further explained below, the Court will overrule Plaintiff's Objection because the Court agrees with Judge Cobb's recommendation and will adopt the R&R in full.

**II.   BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of the factual background of this case (ECF No. 32 at 1-2), and does not recite it here.

///

///

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's Objection to the R&R, the Court has undertaken a *de novo* review.

## IV. DISCUSSION

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R.

Plaintiff's Objection is unpersuasive primarily because it does not specifically address Judge Cobb's R&R. Instead, Plaintiff's Objection mainly details efforts made by Plaintiff to obtain his medical records for the Court to reconsider his motion for appointment of counsel. (ECF No. 38 at 2-3.) The only mention of Plaintiff's Motions appear in the final paragraph of the Objection. Plaintiff states, "[t]he motion for an injunction was submitted Nov. 2nd 2020 because Oct 30th was Nevada day and a state holiday so institutional legal services were unavailable." (*Id.* at 6.) The Court is uncertain as to the relevance of this statement and thus finds that Plaintiff has not properly objected to Judge Cobb's R&R.

Plaintiff additionally states in his Objection that there has been an outbreak of COVID-19 involving inmates and staff at WSCC, and that Plaintiff is "at high risk to die from Covid-19." (*Id.*) The Court interprets Plaintiff's statement as an argument supporting his Motions to stop his transfer to WSCC. This argument, however, does not address the R&R. Judge Cobb's R&R recommends that Plaintiff's Motions be denied because Plaintiff has principally failed to assert a sufficient nexus between his Eighth Amendment conditions of confinement claim and his requested relief. (ECF No. 32 at 5.) Moreover, Judge Cobb reasoned that Plaintiff has failed to show that each of the four requirements of a preliminary injunction and temporary restraining order standard has been met. (*Id.*)

The Court agrees with Judge Cobb and therefore overrules Plaintiff's Objection.

## V. CONCLUSION

It is therefore ordered that the Report and Recommendations of Magistrate Judge William G. Cobb (ECF No. 32) is accepted and adopted in full.

It is further ordered that Plaintiff's motions for an injunction (ECF Nos. 30, 31) to stop Plaintiff's transfer is denied.

DATED THIS 22nd Day of February 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE