1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JARED EDWARD BEEBE,

    Plaintiff

v.

SUWE, et. al.,

    Defendants

Case No.: 3:19-cv-00038-MMD-WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 74

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for leave to amend (ECF No. 74) and proposed amended complaint (ECF No. 74-1).

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 10.) The events giving rise to this action took place while Plaintiff was housed at Warm Springs Correctional Center (WSCC). (*Id.*) The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment conditions of confinement claim against defendants Wilcoxen and Suwe based on allegations that they failed to provide him access to a restroom. The other claims and defendants were dismissed without prejudice. (ECF No. 9.)

Plaintiff seeks leave to file an amended complaint. (ECF Nos. 74, 74-1.)

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*. (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist*., 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609

1  (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s

2  liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the

3  diligence of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is

4  upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting

5  Johnson, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and

6  offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

7         The original scheduling order was entered on August 4, 2020, and gave the parties until

8  October 5, 2020, to amend pleadings or join parties. (ECF No. 24.) At Plaintiff's request, the

9  court extended the scheduling order deadlines, and the deadline to amend or add parties was

10  advanced to December 4, 2020. (ECF No. 37.) Another request to extend the scheduling order

11  deadlines was filed, and the court granted this request, extending the deadline to amend or join

12  parties to February 4, 2021. (ECF No. 40.)

13         At Defendants' request, the court extended the scheduling order deadlines, including the

14  deadline to complete discovery, file dispositive motions, and to file the joint pretrial order. (ECF

15  Nos. 50, 51.) There was no extension of the deadline to amend or join parties.

16         On March 10, 2021, at a discovery hearing, the court extended the discovery cutoff, the

17  dispositive motions and joint pretrial order deadlines. The parties did not request an extension of

18  the deadline to amend or join parties. (ECF No. 59.)

19         Plaintiff filed an amended complaint on April 5, 2021, which was stricken because it did

20  not comply with Local Rule 15-1's requirement to attach the proposed amended pleading or

21  include a motion for leave to amend. (ECF Nos. 63, 64.)

22         Plaintiff filed another amended complaint, which was again stricken for failure to comply

23  with Local Rule 15-1. (ECF Nos. 65, 70.)

On May 26, 2021, Plaintiff filed the instant motion for leave to amend and proposed amended complaint. (ECF Nos. 74, 74-1.)

Plaintiff's motion for leave to amend references a memorandum of points and authorities, but no briefing is included. (ECF No. 74 at 1.) Plaintiff does not establish good cause for seeking leave to amend beyond the February 4, 2021, scheduling order deadline. Therefore, Plaintiff's motion for leave to amend should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for leave to amend (ECF No. 74).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 23, 2021

_William G. Cobb_
_____
William G. Cobb
United States Magistrate Judge

4